ANNA M. HOBERG et al., Respondents, v. ELIZABETH HAESSIG, Executrix of ADOLPH HAESSIG, Deceased, et al., Appellants.

**St. Louis Court of Appeals, December 3, 1901.**

Payment of Notes: EVIDENCE. In the case at bar, the evidence is convincing that the note given by plaintiff had been paid before the death of Adolph Haessig, and that it should be cancelled.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

· AFFIRMED.

GOODE, J.—This is a petition in the nature of a bill in equity filed by the plaintiffs, to have a certain promissory note for two hundred dollars, executed by the plaintiff, Anna M. Hoberg, to Adolph Haessig, deceased, on the second day of December, 1895, surrendered for cancellation by Elizabeth Haessig, executrix of the will of said Adolph Haessig, deceased, and for the cancellation of a deed of trust on a lot in the city of St. Louis, executed on the same day said note was, to secure it and three other notes; two for two hundred dollars each, and one for one hundred dollars.

The other plaintiffs, besides Anna H. Hoberg, are grantees to whom she conveyed the lot in question after the execution of said deed of trust, reserving to herself a life estate.

The deed of trust secured, as has been in effect stated, four promissory notes of even date with it; the one hundred dollar note being payable one year after date, the three for two hundred dollars each in two, three and four years after their date.

It is admitted all the notes have been paid, except the one for two hundred dollars which fell due on the latest date.

Adolph Haessig died in November, 1899, and at that time still had the note in controversy in his possession; in fact it was found on his person after his death.

A point is made by the appellants against the admission of the testimony of Frank Templin and his wife Mary Templin, because they were grantees of Mrs. Hoberg, one of the parties to the original contract; the other party being dead. It is unnecessary to pass on this exception; because we are convinced by the other evidence in the record, that the note in question, as well as the other notes aforesaid, were paid to Adolph Haessig in his lifetime. It is perhaps impossible to ascertain the details of the payments, or to tell why he retained the note falling due last, without resorting to the testimony of Frank Templin; but it is clear from other evidence that said last note had, in fact, been paid. The lower court so found, and, we think, properly. That finding on the facts entitled respondents to the relief which was granted to them.

The judgment is, therefore, affirmed. *Bland, P. J.,* and *Barclay, J.,* concur.